◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN M. BELOT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rubin, J.), rendered July 8, 1982, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On September 18, 1981, at about 10:00 P.M., two men committed a robbery of a gas station in Queens. The two attendants who

were on duty at the time of the robbery described one of the perpetrators to the police and stated that the other robber was Stanley Witherspoon, who had formerly worked at the gas station with them. Both attendants subsequently viewed photo arrays and identified a photograph of defendant as one of the perpetrators.

At trial, over the objection of the prosecution, defense counsel, upon cross-examination, elicited the following facts from the arresting detective: That he arrested Witherspoon on October 7, 1981 and that after his arrest, Witherspoon looked through some photographs and selected one of the defendant. The detective then put the picture that Witherspoon selected into the array, which he subsequently showed to the attendants.

The defense counsel then called an Assistant District Attorney to the stand, who testified that the case against Witherspoon had been dismissed on December 11, 1981. The case had been marked final against the prosecution on that date and the prosecution was not prepared to go forward because the complaining witness was not present. Witherspoon was not called as a witness by either side.

Our review of the record leads us to conclude that defendant received a fair trial. Defendant contends that his right to confront witnesses was abridged because he did not have an opportunity to question Witherspoon. However, defendant's right to confront witnesses was not denied by the actions of the prosecution. The prosecution witnesses who testified at trial and identified defendant in court were cross-examined by defense counsel. Since the prosecution was not going to call Witherspoon as a witness, the prosecution refrained, on direct examination of the detective, from making any reference to Witherspoon's pretrial identification of defendant. The jury would not have known of Witherspoon's identification of defendant if not for defense counsel's questioning of the detective. If defense counsel believed that Witherspoon's testimony was necessary to the defense, he could have called Witherspoon as a witness (CPL 610.20 [3]). There is no indication in the record that defense counsel either served a subpoena upon Witherspoon or requested an adjournment to do so. Accordingly, the prosecutor did not abridge defendant's 6th Amendment right to confront.

The other issues, which defendant raises in his supplemental brief, have not been preserved for review as a matter of law, and we decline to address them in the interest of justice. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.